## WHITE et al. v. CORNELISON et al.

Court of Appeals of Kentucky.

Dec. 21, 1951.

Shumate & Shumate, Richmond, for appellants.

George T. Ross, Richmond, for appellee.

CLAY, Commissioner.

This controversy arose because the principal appellee's two bird dogs disturbed his neighbor. The principal appellant brought suit for an injunction to require appellee to abate or alleviate what he asserts constitutes a nuisance. The Chancellor dismissed the petition.

The two parties own adjoining lots near the City of Richmond, and each has a residence on his property. In addition, appellant operates a tourist court and maintains eight cabins, which are built within two feet of. the dividing line between the lots. Appellee keeps two bird dogs in a small pen on his side of the property line. This pen is in very close proximity to the tourist cabins and not far from appellant's house.

Appellant introduced proof that the dogs bark a great deal, particularly in the early morning hours, and that they greatly disturb the members of his family and his tourist guests. In addition, appellant testified that the pen emits foul odors, impairing his enjoyment of his own property.

Appellee's evidence was to the effect that the dogs do not bark except occasionally, and some of his witnesses testified they did not bark at all. He also introduced proof that the dog pen was clean and did not give off odors.

There is a great deal of testimony in the record tending to show that appellant was a peculiar and unneighborly character, and that appellee consumed beer at various times. This recriminatory aspect of the case has little to do with the merits.

The settlement of this controversy is controlled by the decision in Adams v. Hamilton Carhartt Overall Co. et al., 293 Ky. 443,

169 S.W.2d 294. The only difference in the cases is that there three bird dogs were involved, and here we have two. It was pointed out in that case that the positive testimony of the plaintiffs was sufficient to establish that the enjoyment of their home was disturbed by the barking of the dogs, even though there was proof for the defendant that they did not bark more than other bird dogs. We held an injunction was properly granted.

There was substantial evidence in the present case that appellee's dogs did disturb the comfort of appellant, his family, and his guests. The close proximity of the dog pen lends credence to his story, and on this record we can find no good reason for its maintenance at that particular place, after appellant's objection, except the desire on the part of appellee to irritate his neighbor.

As said in the Adams case above cited, courts of equity should not be bothered with cat and dog cases, but when they are presented they must be decided in accord with established principles. If appellee had shown a willingness to lessen the disturbance as much as possible by removal of the pen to another part of his premises, perhaps this lawsuit would have been avoided, or at least appellee could say that he had acted in good faith. His attitude appears to be that he may ignore the rights of appellant.

The evidence in the case established that appellant has been disturbed in the peaceful enjoyment of his property by the closeness and clamor of the dogs. On the other hand, it does not appear that a relocation of the pen would cause appellee any substantial expense or difficulty. Balancing the equities between the two parties, it seems appellant's rights may be substantially preserved, and neither appellee's rights nor dogs will be hurt, by the granting of an injunction. Upon the record before us, proper relief would be afforded by requiring appellee to remove his dog pen from close proximity to appellant's premises, and if appellee wishes to keep his dogs on his town property, by requiring him to keep them at the most practicable maximum distance from appellant's residence and tourist cabins. The Chancellor should have so adjudged.

The judgment is reversed with directions to grant appellant a permanent injunction enjoining appellee from confining his dog or dogs in close proximity to appellant's property line, and from maintaining a dog pen not located the maximum practicable distance from appellant's residence and tourist cabins.